UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DAVID GERARD JEEP, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:15CV1533 HEA |
| GOVERNMENT OF THE UNITED STATES, et al., | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's complaint and motion for leave to proceed in forma pauperis. Under 28 U.S.C. § 1915(e), the Court is required to review the complaint and dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Plaintiff alleges that his rights were violated by a state family court judge in 2003, when the judge issued an order of protection barring him from contact with his ex-wife. The complaint is a longwinded, rambling diatribe about the unfairness of the courts and overreaching government powers. The complaint is substantially similar to several previous cases plaintiff has brought before the Court, all of which were dismissed pre-service. *E.g., Jeep v. Government of the United States,* 4:13CV2490 RWS (E.D. Mo.) (listing cases).

This Court lacks jurisdiction over **family court matters**. *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child

custody.").[1]  As a result, plaintiff's claims relating to the family court must be dismissed under Rule 12(h)(3) of the Federal Rules of Civil Procedure.

The remainder of plaintiff's claims are frivolous and malicious.  The nature and tone of the allegations demonstrate that plaintiff's purpose is to harass the named defendants rather than vindicate a cognizable legal right.  As a result, this action is dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

Dated this 7th day of October, 2015

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff cites to the recent Supreme Court case of *Obergefell v. Hodges*, 125 S.Ct. 2071 (2015), to bolster his assertion that this Court should have jurisdiction over his attempts to hold his ex-wife liable for her conduct during their divorce proceedings.  *Obergefell* is a landmark Supreme Court case in which the Court held that the fundamental right to marry is guaranteed to same-sex couples by both the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.  It does not speak to this Court's ability to interfere in a state court/family court matter, or to modify child custody or divorce proceedings.